UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YASHICA CLEMMONS,

    Plaintiff,

v.                                                                Case No: 8:18-cv-1497-T-30AEP

ROBERT GUALTIERI, HOWARD
SKAGGS and PINELLAS COUNTY
SHERIFF'S OFFICE,

    Defendants.

## ORDER

In March 2016, Dominique Battle, a 16-year-old female, and two other minors drowned after law enforcement allegedly forced their vehicle into a shallow pond during a chase. Now Dominique's mother, Yashica Clemmons, is suing the Pinellas County Sheriff's Office, Sheriff Bob Gualtieri, and Sergeant Howard Skaggs for violating Dominique's constitutional rights under 42 U.S.C. § 1983 and for negligence resulting in wrongful death under Florida law. Defendants have moved to dismiss for various reasons, including that Clemmons lacks standing. The Court concludes that the Amended Complaint should be dismissed and that Clemmons should be given an opportunity to correct the deficiencies and substitute the real party in interest as Plaintiff.

## BACKGROUND

The following facts are taken from the allegations of the Amended Complaint, which the Court assumes are true for purposes of this Order.

Dominique and two other minors were driving a car in the early morning hours of March 31, 2016. Around 4 a.m., Pinellas County Sheriff's Office ("PCSO") Sgt. Skaggs—who was in an unmarked vehicle and did not enable his vehicle's lights or siren—began a high-speed chase of Dominique's vehicle. Despite being told to stop the chase, which was prohibited by PCSO policies, Sgt. Skaggs and other deputies continued their pursuit.

Dominique's vehicle entered the Royal Palm Cemetery, which has only one exit. Sgt. Skaggs followed Dominique's vehicle into the cemetery and performed Pursuit Intervention Technique ("PIT") maneuver on Dominique's vehicle, causing it to plunge into a shallow pond.

Sgt. Skaggs and other PCSO deputies stood on the shoreline of the pond and did not attempt to rescue Dominique and the other minors. Ultimately, Dominique and the other two minors drowned in the vehicle while Sgt. Skaggs and other PCSO deputies watched without making any attempt at rescue.

Sheriff Gaultieri then attempted to cover up what happened to Dominique and the other minors. Sheriff Gaultieri first denied there was a high-speed chase despite dash cams showing deputies chasing Dominique's vehicle upwards of 93 miles per hour. Sheriff Gualtieri also reported that Dominique's vehicle was 80 yards from the shore when it was actually only 15 feet from the shore. Finally, Sheriff Gaultieri claimed that PCSO deputies attempted to rescue Dominique and the other minors despite video evidence showing no rescue was attempted.

Clemmons argues that as a direct result Sheriff Gualtieri, Sgt. Skaggs, and PCSO's actions, Dominique's constitutional rights were violated. Specifically, Clemmons alleges Dominique's following rights were violated:

- Her rights under the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure;
- Loss of physical liberty;
- Intentional, offensive contact with her body;
- Fear of imminent peril resulting from an attempt to injure;
- Right to be free from unlawful detention;
- Right to be free from excessive and deadly force;
- Deprivation of liberty without due process of law; and
- Deprivation of liberty without equal protection of the law.

(Doc. 93, ¶¶ 35, 40).

Clemmons also alleges there is a pattern or practice of negligent conduct similar to what led to the death of Dominique. Specifically, she mentions another incident in which Sgt. Skaggs was involved in a chase that resulted in the drowning death of the person whom he was chasing in 2002. Clemmons also referenced a PCSO 2017 high-speed chase that resulted in the death of the three occupants of that vehicle.

## PROCEDURAL BACKGROUND

Clemmons, who was initially represented by counsel, brought this case in June 2018, against these Defendants and several others. Besides Clemmons, the mothers of the other two deceased minors were also Plaintiffs. The Defendants moved to dismiss the Complaint on various grounds, including that Clemmons and the other Plaintiffs could not

sue for violation of their civil rights and that the decedents were not parties to the suit. In other words, Defendants argued Clemmons and the other mothers lacked standing to sue on behalf of the decedents for violation of the decedents' constitutional rights.

Before responding to the motions to dismiss, Clemmons' counsel withdrew. Clemmons, proceeding *pro se*, responded to the various motions to dismiss. The predecessor judge dismissed the original complaint as a shotgun pleading but did not address the other grounds raised by Defendants, such as Clemmons's standing to sue.

Clemmons timely filed the Amended Complaint on September 9, 2019—more than a year after the case was filed. In it, Clemmons is now the only Plaintiff, and she brings the case "as natural mother of Dominique Battle." (Doc. 93, p. 1). Clemmons sues both Sheriff Gualtieri and Sgt. Skaggs in their "personal and official capacities," and sues PCSO. The Amended Complaint has two counts. Count I is a § 1983 claim against Sheriff Gualtieri and Sgt. Skaggs, in their personal and official capacities, and against PCSO. Count II is a claim for negligence under Florida law against PCSO alone.

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as

true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In reviewing a *pro se* complaint, the court must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## **DISCUSSION**

Defendants raise various arguments why Clemmons's claims should be dismissed. First, Defendants argue the Amended Complaint is a shotgun pleading. Second, Defendants

5

argue Clemmons lacks standing since she has not alleged she is suing as personal representative of Dominique Battle. Third, to the extent Clemmons is bringing the claims on her own behalf, Defendants argue she fails to state a claim. Fourth, Sheriff Gualtieri argues the Amended Complaint is devoid of factual allegations for which he could be liable, either personally or in his official capacity. Fifth, Sgt. Skaggs argues the Amended Complaint fails to state a claim against him in his personal or official capacity. Sixth, PCSO argues it is not a legal entity capable of being sued. Seventh, Defendants argues Clemmons failed to state a claim in count II based on § 768.28(9)(a), Florida Statutes. Finally, Defendants argue impertinent allegations and Clemmons's demand for punitive damages should be stricken.

After reviewing the Amended Complaint and the parties' filings, the Court concludes the Amended Complaint must be dismissed. But Clemmons, who is *pro se*, should be given an opportunity to correct the deficiencies in the Amended Complaint, which no court has yet ordered her to correct.[1] So the Court will dismiss the Amended Complaint without prejudice.

**A. Standing**

A threshold issue is whether Clemmons, as Dominique's mother, has standing to sue for the deprivation of Dominique's constitutional rights and negligence that caused Dominique's death. "Florida's Wrongful Death Act establishes the personal representative

---

[1] While the Court does not discourage Clemmons from proceeding *pro se*, the Court notes that § 1983 claims are complex and greatly benefit from the expertise of experienced counsel.

6

of a decedent's estate as the sole party that may file a decedent's cause of action for wrongful death." *Weaver v. Myers*, 229 So. 3d 1118, 1131 (Fla. 2017). And Florida's Wrongful Death Act governs claims brought under § 1983 on behalf of a decedent. *Robertson v. Wegmann*, 436 U.S. 584, 589–90, 98 S. Ct. 1991, 1995, 56 L. Ed. 2d 554 (1978). Parents who are not personal representatives of a decedent's estate lack standing to sue on a decedent's behalf. *Benson v. Benson*, 533 So. 2d 889, 889 (Fla. Dist. Ct. App. 1988).

Here, Clemmons has not alleged that she is the personal representative of Dominique's estate. Instead, she brings the claims as Dominique's mother. That is insufficient to confer standing to Clemmons.

While Clemmons acknowledges this, she argues her claims should not be dismissed. Instead, Clemmons says the real party in interest (*i.e.*, the personal representative of Dominique's estate) should be substituted as the Plaintiff. (Doc. 107, pp. 8–9). But Clemmons has never moved to substitute the real party in interest as the Plaintiff, despite raising this same argument more than a year ago in response to motions to dismiss the original complaint. (Doc. 69, p. 6).

Because Clemmons lacks standing, the Court concludes her claims must be dismissed. That said, despite her lack of diligence, the Court will allow Clemmons to file an amended complaint in which she substitutes as Plaintiff the personal representative of Dominique's estate. The Court cautions Clemmons that if she files an amended complaint without substituting the personal representative as Plaintiff, the Court will have no choice but to dismiss her claims with prejudice for lack of standing.

**B. Claims against PCSO**

PCSO argues that it is not an entity capable of being sued. Rather than responding to this argument, Clemmons responds that she has adequately alleged a claim against PCSO because she alleged that a custom, practice, or policy of PCSO caused the violation of Dominique's constitutional rights.

PCSO is correct that it is not a legal entity capable of being sued. *See Roberson v. Pinellas Cty. Sheriff's Office*, No. 8:17-CV-1380-T-23MAP, 2018 WL 1877458, at *1 (M.D. Fla. Apr. 19, 2018) (explaining that PCSO is not a recognized legal entity under Florida law). So PCSO must be dismissed with prejudice.

That said, Clemmons is not without an avenue of relief. While PCSO is not a legal entity capable of being sued, Pinellas County—the legal entity that governs PCSO—can be sued. And Clemmons has already brought a claim against Pinellas County because her claim against Sheriff Gualtieri in his official capacity is a suit against the county. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (internal citations omitted); *see also Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("So long as the government entity receives notice and an opportunity to respond, a suit against a person in their official capacity is to be treated as a suit against the entity."). So while the

Court is dismissing PCSO as a party to this action, Clemmons can still bring suit against the appropriate governmental entity by suing Sheriff Gualtieri in his official capacity.

## C. Shotgun Pleading

Defendants argue the Amended Complaint is a classic example of a shotgun pleading such that they are without notice of the claims against them. Clemmons responds that the Amended Complaint set forth the claims against each Defendant with particularity.

The Court concludes the truth is somewhere in the middle. For the most part, Clemmons set forth a straightforward § 1983 claim against Sgt. Skaggs in his individual capacity based on his chase of Dominique's vehicle—despite being called off by PCSO and in violation of PCSO policies—his use of a PIT maneuver that caused Dominique's vehicle to plunge into a pond, and his refusal to rescue Dominique as she drowned 15 feet from shore.

There are several problems, though, that must be corrected. First, as noted above, Clemmons brings the claims on her behalf, which she lacks standing to do. Second, and more importantly, Clemmons is imprecise against whom the claims are brought and in what capacity. For instance, in count I, Clemmons brings a § 1983 claim against (1) Sheriff Gualtieri personally, (2) Sheriff Gualtieri in his official capacity, (3) Sgt. Skaggs personally, (4) Sgt. Skaggs in his official capacity,[2] and (5) PCSO. To provide clarity,

---

[2] Because a claim against Sgt. Skaggs in his official capacity is duplicative of a claim against Sheriff Gualtieri in his official capacity (*i.e.*, both are claims against Pinellas County), Clemmons need not sue Sgt. Skaggs in his official capacity.

9

Clemmons should bring her claims in separate counts against each Defendant, and in those counts incorporate only the facts relevant to that action.

For instance, a suit against Sheriff Gualtieri in his official capacity under § 1983 is commonly called a *Monell* claim. In a *Monell* claim, a plaintiff must allege "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004). So Clemmons allegations about other incidents of PCSO deputies being involved in chases that led to deaths relates to the cause of action.

But those same allegations would not pertain to a claim against Sheriff Gualtieri in his individual capacity. In fact, it is unclear under what theory Clemmons believes Sheriff Gualtieri, individually, violated Dominique's constitutional rights.

So when amending the complaint, Clemmons should (1) bring each count against only a single Defendant, (2) incorporate the facts relevant to only that claim in the count, and (3) clearly articulate her theory of liability for the alleged acts or inactions of that Defendant. This will provide notice to Defendants of the specific claims against them.

### D.  Other Deficiencies

Defendants argue there are several other deficiencies with the Amended Complaint, such as failure to state a claim and potential immunity issues. Given the issues already identified, the Court declines to consider the remaining arguments until Clemmons has amended her complaint. Once her theories against each individual Defendant are more

precisely articulated, the Court can better consider issues like qualified and sovereign immunity.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendants Bob Gualtieri, Howard Skaggs, and Pinellas County Sheriff's Office's Motion to Dismiss Amended Complaint (Doc. 99) is GRANTED.

2. Defendant Pinellas County Sheriff's Office is DISMISSED WITH PREJUDICE.

3. Plaintiff Yashica Clemmons shall file an amended complaint within sixty (60) days from the date of this Order, correcting the deficiencies identified in this Order and substituting the real party in interest as Plaintiff. Failure to file an amended complaint will result in this action being dismissed without prejudice without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of January, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record